Robert P. Goe – SBN 137019
**GOE FORSYTHE & HODGES LLP**
17701 Cowan, Suite 210
Irvine, CA 92614
rgoe@goeforlaw.com
Telephone: (949) 798-2460
Facsimile: (949) 955-9437

Attorney for M3Live Bar & Grill, Inc.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>M3Live Bar & Grill, Inc.,<br><br>Debtor. | Case No.  8:19-bk-10814-TA<br><br>Chapter 7 Proceeding<br><br>***EX PARTE* MOTION FOR AN ORDER REOPENING CHAPTER 7 CASE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF THOMAS S. GRUENBECK AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF**<br><br>[No Hearing Required] |

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE AND ALL PARTIES IN INTEREST:**

Debtor M3Live Bar & Grill, Inc. ("Debtor") applies *ex parte* for an order reopening the Debtor's Chapter 7 bankruptcy case to allow the Court to resolve an issue for which it retained exclusive jurisdiction related to the Amended Agreement for Purchase and Sale of Assets between the Chapter 11 Trustee (later Chapter 7 Trustee) Karen Sue Naylor ("Trustee") and The Grand Theater, Inc. ("GTI").

1.     The Order Granting Motion For Order: (1) Authorizing Sale Of Debtor's Leased Property Free And Clear Of All Liens; (2) Authorizing Assignment Of The Estate's Interest In An Unexpired Lease Pursuant To 11 USC 365(f); (3) Authorizing And Approving Sale Overbid Procedures; (4) Approving The Sale Free And Clear Of Liens And Other Interests Pursuant To 11 USC Section 365(f); (5) Finding Buyer Is A Good Faith Purchaser; And (6) Waiving The 14-Day Stays Of FRBP 6004 (entered on February 21, 2020 ("Sale Order") [Docket #218]  specifically provides in paragraph 13 -

> "Until this case is closed or dismissed, this Court shall retain exclusive jurisdiction to (i) enforce and implement the terms and provisions of the Amended Purchase Agreement, (ii) compel the parties to the Amended Purchase Agreement to perform their respective obligations under the Amended Purchase Agreement, (iii) resolve any disputes, controversies or claims arising out of or relating to the Amended Purchase Agreement, or the transactions contemplated thereby, and (iv) interpret, implement and enforce the provisions of the Amended Purchase Agreement and this Order. Without limiting the generality of the foregoing, the Trustee, and The Grand Theater, Inc. shall have the right to request, on such notice as may be appropriate, any relief and remedies that may be appropriate to enforce the provisions of this Order, including, without limitation, injunctive relief, a contempt citation, sanctions and other damages against any creditor or other party that may violate the provisions hereof."

A copy of the Order is attached to the Request for Judicial Notice ("RJN") as **Exhibit 1**.

2.     Cyrus Alimadadian ("Alimadadian") had filed a lien related to a judgment against Debtor, which Trustee discovered after the Sale Order had been entered, resulting in entry of the Stipulation to Release Cyrus Alimadadian's Judgment Lien against M3Live Bar & Grill, Inc. ("Alimadadian Stipulation") [Docket #227] that provided for release of the lien against Debtor and to allow Alimadadian to pursue collection against GTI and Musa Madain.  A copy of the Alimadadian Stipulation is attached to the RJN as **Exhibit 2**. This stipulation was only entered and signed by Alimadadian and not by IRA Resources, Inc.  The Alimadadian Stipulation was approved by Order entered March 3, 2020 [Docket #229].  A copy of the Order is attached to the RJN as **Exhibit 3**.

/ / /

/ / /

3.      Disputes concerning the Sale Order, Alimadadian Stipulation and Order Thereon now exist as IRA Resources, Inc. is claiming lien rights against GTI, pursuant to the Alimadadian Stipulation to which it was not a party.

4.      Pursuant to the Sale Order, this Court has exclusive jurisdiction to resolve this dispute and uphold the integrity of the bankruptcy system sale process and this Court's authority.

5.      Local Bankruptcy Rule 5010-1(e) allows a motion to reopen be brought *ex parte*. See also *In re Abbot*t, 183 B.R. 198 (B.A.P. 9th Cir. 1995) ("A motion to reopen is simply a mechanical device which can be brought ex parte and without notice."); *In re Daniels*, 34 B.R. 782, 784 (B.A.P. 9th Cir. 1983) ("[A]n application to reopen may be made ex parte and without notice.").  Section 350 (11 U.S.C. § 350) of the Bankruptcy Code addresses closing and reopening bankruptcy cases. Section 350(b) provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."

Bankruptcy Rule 5010-1, which deals with reopening cases provides that:

A motion to reopen a closed bankruptcy case must be supported by a declaration establishing a reason or "cause" to reopen. The motion must not contain a request for any other relief.

11 U.S.C. Section 350(b) provides that: "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor or for other cause." (emphasis added). Accordingly, this Court is empowered to reopen the case based on the express provisions of the Bankruptcy Rule 5010-1 as well as Bankruptcy Code Section 350 and Section 105.

Here, the case should be reopened to allow for the filing of appropriate proceedings to uphold the integrity of the Sale Order and resolution of disputed liens.

/ / /

/ / /

/ / /

1    Therefore, the Debtor requests to reopen the case but that the Trustee does not need to be

2    reappointed.

3    Dated:  August 15, 2023                    Respectfully submitted,

4                                               **GOE FORSYTHE & HODGES LLP**

5

6                                               By:   /s/*Robert P. Goe*

7                                                        Robert P. Goe
                                                         Attorneys for Debtor

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

1                 **<u>DECLARATION OF THOMAS S. GRUENBECK</u>**

2         I, Thomas S. Gruenbeck, declare as follows:

3            1.       I make this declaration upon my own personal knowledge except as to those

4 statements made upon information and belief.  I file this declaration in support of Debtor M3Live

5 Bar & Grill, Inc. ("Debtor") *Ex Parte* Motion for an Order Reopening Chapter 7 Case ("Motion").

6 I am State Court counsel for Musa Madain ("Madain") and The Grand Theater, Inc. ("GTI").

7           2.       This Court retained exclusive jurisdiction related to the Amended Agreement for

8 Purchase and Sale of Sale Assets between the Chapter 11 Trustee (later Chapter 7 Trustee) Karen

9 Sue Naylor ("Trustee") and GTI as well as the stipulation between Cyrus Alimadadian

10 ("Alimadadian"), GTI and Madain related to a judgment lien of Alimadadian.

11           3.       The Order Granting Motion For Order: (1) Authorizing Sale Of Debtor's Leased

12 Property Free And Clear Of All Liens; (2) Authorizing Assignment Of The Estate's Interest In An

13 Unexpired Lease Pursuant To 11 USC 365(f); (3) Authorizing And Approving Sale Overbid

14 Procedures; (4) Approving The Sale Free And Clear Of Liens And Other Interests Pursuant To 11

15 USC Section 365(f); (5) Finding Buyer Is A Good Faith Purchaser; And (6) Waiving The 14-Day

16 Stays Of FRBP 6004 (entered on February 21, 2020 ("Sale Order") [Docket #218] provides in

17 paragraph 13 -

18
19
20
21
22
23
24
25

> "Until this case is closed or dismissed, this Court shall retain exclusive jurisdiction to (i) enforce and implement the terms and provisions of the Amended Purchase Agreement, (ii) compel the parties to the Amended Purchase Agreement to perform their respective obligations under the Amended Purchase Agreement, (iii) resolve any disputes, controversies or claims arising out of or relating to the Amended Purchase Agreement, or the transactions contemplated thereby, and (iv) interpret, implement and enforce the provisions of the Amended Purchase Agreement and this Order. Without limiting the generality of the foregoing, the Trustee, and The Grand Theater, Inc. shall have the right to request, on such notice as may be appropriate, any relief and remedies that may be appropriate to enforce the provisions of this Order, including, without limitation, injunctive relief, a contempt citation, sanctions and other damages against any creditor or other party that may violate the provisions hereof."

26         A copy of the Order is attached to the Request for Judicial Notice ("RJN") as **Exhibit**

27 **1**.

28

4.      Cyrus Alimadadian ("Alimadadian") had filed a lien related to a judgment against Debtor, which Trustee discovered after the Sale Order had been entered, resulting in entry of the Stipulation to Release Cyrus Alimadadian's Judgment Lien against M3Live Bar & Grill, Inc. ("Alimadadian Stipulation") [Docket #227] that provided for release of the lien against Debtor and to allow Alimadadian to pursue collection against GTI and Musa Madain.  A copy of the Alimadadian Stipulation is attached to the RJN as **Exhibit 2**. This stipulation was only entered and signed by Alimadadian and not by IRA Resources, Inc.  The Alimadadian Stipulation was approved by Order entered March 3, 2020 [Docket #229].  A copy of the Order is attached to the RJN as **Exhibit 3**.

5.      Disputes concerning the Sale Order, Alimadadian Stipulation and Order Thereon now exist as IRA Resources, Inc. is claiming lien rights against GTI, pursuant to the Alimadadian Stipulation to which it was not a party.

I declare under penalty of perjury, pursuant to the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief, and that this Declaration was executed on August __14__, 2023, at Anaheim, California.

_____
Thomas S. Gruenbeck

**REQUEST FOR JUDICIAL NOTICE**

Debtor in the above-captioned proceedings, M3Live Bar & Grill, Inc. respectfully requests the Court take judicial notice pursuant to Federal Rule of Bankruptcy Procedure 9017, incorporating by reference Federal Rule of Evidence 201, the following documents in support of its *Ex Parte* Motion for an Order Reopening Chapter 7 Case:

1.      A true and correct copy of the Order Granting Motion For Order: (1) Authorizing Sale Of Debtor's Leased Property Free And Clear Of All Liens; (2) Authorizing Assignment Of The Estate's Interest In An Unexpired Lease Pursuant To 11 USC 365(f); (3) Authorizing And Approving Sale Overbid Procedures; (4) Approving The Sale Free And Clear Of Liens And Other Interests Pursuant To 11 USC Section 365(f); (5) Finding Buyer Is A Good Faith Purchaser; And (6) Waiving The 14-Day Stays Of FRBP 6004 (entered on February 21, 2020 ("Sale Order") [Docket #218] is attached hereto as **Exhibit 1**.

2.      A true and correct copy of the Stipulation to Release Cyrus Alimadadian Lien against the M3Live Bar & Grill, Inc. ("Alimadadian Stipulation") [Docket #227] in exchange for an agreement that The Grand Theater, Inc. replace M3Live Bar & Grill, Inc. as a Debtor in addition to Musa Madain remaining a judgment debtor on the Superior Court judgment is attached hereto as **Exhibit 2**.

3.      The Alimadadian Stipulation was approved by Order entered March 3, 2020 [Docket #229].  A true and correct copy of the Order is attached hereto as **Exhibit 3.**


Dated:  August 15, 2023                     Respectfully submitted,

                                            **GOE FORSYTHE & HODGES LLP**


                                            By:   /s/*Robert P. Goe*_____
                                                     Robert P. Goe
                                                     Attorneys for Debtor

# EXHIBIT 1

# EXHIBIT 1

1 | Todd C. Ringstad (State Bar No. 97345)
todd@ringstadlaw.com
2 | Nanette D. Sanders (State Bar No. 120169)
nanette@ringstadlaw.com
3 | R. Chase Donahoo (State Bar No. 322191)
chase@ringstadlaw.com
4 | RINGSTAD & SANDERS LLP
4343 Von Karman Avenue, Suite 300
5 | Newport Beach, CA  92660
Telephone: 949-851-7450
6 | Facsimile:  949-851-6926

7 | Proposed Attorneys for Karen Sue Naylor,
Chapter 11 Trustee

8

**FILED & ENTERED**

**FEB 21 2020**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY deramus  DEPUTY CLERK

**CHANGES MADE BY COURT**

9 | **UNITED STATES BANKRUPTCY COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

11

12 | In re

13 | M3Live Bar & Grill, Inc.

14 |                    Debtor.

Case No. 8:19-bk-10814-TA

Chapter 11 Proceeding

**ORDER GRANTING MOTION FOR ORDER:**
    **(1) AUTHORIZING SALE OF DEBTOR'S
LEASED PROPERTY FREE AND
CLEAR OF ALL LIENS;**
    **(2) AUTHORIZING ASSIGNMENT OF THE
ESTATE'S INTEREST IN AN
UNEXPIRED LEASE PURSUANT TO 11
U.S.C. § 365(f);**
    **(3) AUTHORIZING AND APPROVING
SALE OVERBID PROCEDURES;**
    **(4) APPROVING THE SALE FREE AND
CLEAR OF LIENS AND OTHER
INTERESTS PURSUANT TO 11 U.S.C. §
365(f);**
    **(5) FINDING BUYER IS A GOOD FAITH
PURCHASER; AND**
    **(6) WAIVING THE 14-DAY STAYS OF
FRBP 6004(h) [Doc. 150],
AS SUPPLEMENTED AND AMENDED BY
THE TRUSTEE'S SUPPLEMENT TO AND
AMENDMENT OF SALE MOTION [Doc.
200]**

<u>Hearing Date:</u>
Date:    February 21, 2020
Time:    10:00 a.m.
Place:   Courtroom 5B
          411 West Fourth Street
          Santa Ana, CA 92701

15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Ringstad & Sanders*
LLP
4343 Von Karman Avenue, Suite 300
Newport Beach, CA 92660
949.851.7450

The Motion for Order: (1) Authorizing Sale of Debtor's Leased Property Free and Clear of All Liens; (2) Authorizing Assignment of the Estate's Interest in an Unexpired Lease Pursuant to 11 U.S.C. § 365(f); (3) Authorizing and Approving Sale Overbid Procedures; (4) Approving the Sale Free and Clear Of Liens and Other Interests Pursuant to 11 U.S.C. § 365(f); (5) Finding Buyer is a Good Faith Purchaser; And (6) Waiving The 14-Day Stays of FRBP 6004(h) [Doc. 150], as Supplemented and Amended by the Trustee's Supplement to and Amendment of Sale Motion [Doc. 200] (collectively referred to herein as the "Sale Motion") came on for hearing as scheduled pursuant to the Court's Order Granting Application and Setting Hearing on Shortened Notice entered on February 18, 2020.

Based upon the evidence submitted by the parties, and good cause appearing therefor, the Court does hereby find:

A.        The Court has jurisdiction, pursuant to 28 U.S.C. sections 157 and 1334 and sections 105, 363 and 365 of the Bankruptcy Code, to approve the sale to The Grand Theater, Inc. of the Sale Assets ~~pursuant to The Grand Theater, Inc.~~ pursuant to the Amended Agreement for Purchase and Sale of Sale Assets (the "Amended Purchase Agreement") entered into by and among The Grand Theater, Inc., on one hand, and M3Live, Inc., by and through Karen Sue Naylor, Trustee, on the other hand, a true and complete copy of which is attached as Exhibit "1" to the Trustee's Supplement to and Amendment of Sale Motion [Doc. 200] and is incorporated herein by this reference, free and clear of all liens, claims, interests and Encumbrances of any type or nature whatsoever (collectively, "Liens") pursuant to section 363(f) of the Bankruptcy Code.  The Sale Motion is a core proceeding pursuant to 28 U.S.C. sections 157(b)(2)(A), (N), and (O).  The statutory predicates for the relief requested by the Sale Motion are sections 105, 363 and 365 of the Bankruptcy Code.

B.        The notice given of the hearing on the Sale Motion was good, sufficient and appropriate under the particular circumstances of this case and no other or further notice of the Sale Motion or the hearing on the Sale Motion ("Sale Motion Hearing") is required in order to effectuate the relief granted in this Order.  A reasonable opportunity to object to, or be heard

with respect to, the Sale Motion and the relief requested therein has been afforded to all interested persons and entities.

C.     No bids for the Sale Assets were submitted, either before or at the initial Sale Motion Hearing held on January 22, 2020, or at the continued Sale Motion Hearing held on February 21, 2020, other than the bid made by The Grand Theater, Inc. and, consequently, no Auction was conducted by the Trustee.  The bid for the Sale Assets submitted by The Grand Theater, Inc., therefore, was the highest and best bid for the Sale Assets.

D.     The terms and conditions of the Amended Purchase Agreement (i) are fair and reasonable, (ii) represent the highest and best offer for the Sale Assets, and (iii) will provide, from a sale of the Sale Assets, a greater recovery for the Debtors' creditors than would be provided by any known alternative for the sale or other disposition of the Sale Assets.  The Purchase Price provided by the Amended Purchase Agreement constitutes fair consideration for the Sale Assets.  The Trustee's entering into and consummating the Amended Purchase Agreement (the "Sale Transaction") is a sound exercise of the Trustee's business judgment.  The Sale Transaction contemplated by the Amended Purchase Agreement is in the best interests of the Debtor's creditors and estate.

E.     Good cause exists to authorize the Trustee to sell the Sale Assets free and clear of all Liens of any kind or nature because the requirements set forth in section 363(f) of the Bankruptcy Code, including section 363(f)(4), have been satisfied.

F.     In light of the Trustee's need to consummate the sale of the Sale Assets expeditiously in order to preserve and maximize value for the Debtor's estate and its creditors, good cause exists to waive the 14-day stay of orders provided by Rules 6004(h) and 6006(d) of the Federal Bankruptcy Rules.

Based upon the record in this case, the findings of fact and conclusions of law set forth hereinabove, pursuant to sections 105, 363 and 365 of the Bankruptcy Code and Rules 6004, 6006, 7052 and 9014 of the Federal Bankruptcy Rules, and good cause appearing therefor,

**IT IS HEREBY ORDERED:**

Ringstad & Sanders
L.L.P.
4343 Von Karman Avenue, Suite 300
Newport Beach, CA 92660
949.851.7450

1.      The Sale Motion is hereby granted in its entirety.  All entities given notice of the Sale Motion that failed to object to the Sale Motion are hereby deemed to consent to the relief granted hereby.

2.      All of the terms and conditions of the Amended Purchase Agreement are hereby approved, and the Trustee is hereby authorized, pursuant to section 105(a), sections 363(b), (f) and (m) and section 365 of the Bankruptcy Code, to sell and to assign to The Grand Theater, Inc. the Sale Assets, pursuant to the terms and conditions of the Amended Purchase Agreement.  The Sale Assets shall include an assignment of Debtor's interest in the Lease Agreement, and all Included Assets as set forth in section 1.7 of the Amended Purchase Agreement, excluding any Excluded Assets as set forth in section 1.8 of the Purchase Agreement.

3.      Upon the entry of this Order, the Amended Purchase Agreement shall be effective and binding upon the Trustee, the Debtor and The Grand Theater, Inc. and Musa Madain in accordance with the terms and conditions thereof, and, upon the Closing of the Sale Transaction, the Trustee, the Debtor, The Grand Theater, Inc. and Musa Madain shall comply with and perform timely their obligations thereunder.

4.      Upon the Closing of the Sale Transaction, The Grand Theater, Inc. shall assume and be responsible for all Assumed Liabilities as set forth in section 1.2 of the Amended Purchase Agreement, excluding certain professional fees as described in section 1.3 of the Amended Purchase Agreement.

5.      Pursuant to section 363(f) of the Bankruptcy Code, the sale and assignment of the Sale Assets to The Grand Theater, Inc. shall be free and clear of all Liens of any nature whatsoever, except only for the Assumed Liabilities set forth expressly in the Amended Purchase Agreement.

6.      The Trustee is hereby authorized to pay from the sale proceeds at the close of sale the estimated amount of $368,679 to the Orange County Tax Collector in satisfaction of any claim against the bankruptcy estate for secured real property taxes and the sum of $54,431.49 to the California State Labor Commissioner in satisfaction of its secured claim.  The Trustee is hereby further authorized to withhold from the sale proceeds the sum of $120,000 pending

determination of the validity and amount of the disputed secured claim of Fariborz Washoughkia and Natasha Wasoughkia (the "Wasoughkias").  Until determination of the validity of said claim, any valid lien held by the Wasoughkia's shall attach to said sum of $120,000 as and for adequate protection for such claim under 11 U.S.C. § 363(e).  The Trustee is hereby further authorized to withhold from the sale proceeds 110% of the sum of $9,171.00 pending determination of the validity and amount of the disputed secured claim of Collectronics, Inc.  Until determination of the validity of said claim, any valid lien held by Collectronics, Inc. shall attach to said sum as and for adequate protection for such claim under 11 U.S.C. § 363(e).  The Trustee is further authorized to pay from the sale proceeds at the close of sale the amount of any sales taxes incurred as a result of the Sale Transaction under applicable law.

7.      The sale and assignment of the Sale Assets pursuant to this Order and the Amended Purchase Agreement shall vest The Grand Theater, Inc. with good title to the Sale Assets, free and clear of all Liens of any nature whatsoever, and any and all other rights, claims and interests of any nature whatsoever that may be asserted by any person or entity, including, without limitation, any entity asserting a secured claim against the Sale Assets.  Any entity hereafter asserting a Lien against the Sale Assets shall be, and hereby is, forever barred and enjoined from asserting such Lien against the Sale Assets and against The Grand Theater, Inc.

8.      The Grand Theater, Inc. shall have no liability to any creditor or to any other person or entity as a purported successor of the Debtor.  The consummation of the Sale Transaction provided by the Amended Purchase Agreement shall not subject The Grand Theater, Inc. to any debts, liabilities, obligations, commitments, responsibilities or claims of any kind or nature whatsoever, whether known or unknown, contingent or otherwise, existing as of the date hereof or hereafter arising, of or against any Debtor or any other person or entity by reason of the Sale Transaction, including, without limitation, any debts, liabilities, obligations, commitments, responsibilities or claims of any kind or nature whatsoever based on successor or transferee liability, except for the Assumed Liabilities.

9.      As set forth in section 3.3(a) of the Amended Purchase Agreement, the sale to The Grand Theater, Inc. of the Sale Assets shall be "AS IS," "WHERE IS," and "WITH ALL

Ringstad & Sanders
L.L.P.
4343 Von Karman Avenue, Suite 300
Newport Beach, CA 92660
949.851.7450

- 5 -

FAULTS" without any representations or warranties of any kind whatsoever made by the Trustee or the Debtor with respect to the Sale Assets.

10.     From and after the Closing of the Sale Transaction, The Grand Theater, Inc. and Musa Madain shall indemnify the Trustee and the Debtor as set forth in section 3.3(b) of the Amended Purchase Agreement.

11.     Pursuant to sections 363(b) and (f) of the Bankruptcy Code, the Trustee is hereby authorized and empowered to:  (i) perform under, consummate, and implement the Amended Purchase Agreement; (ii) execute all additional instruments and documents that may be reasonably necessary or desirable to implement the Amended Purchase Agreement and the transactions contemplated thereby; (iii) take all further acts as may be necessary or appropriate for the purposes of transferring, granting, assigning or conveying the Sale Assets to The Grand Theater, Inc. pursuant to the provisions of the Amended Purchase Agreement; (iv) take such other and further acts as are contemplated by the Amended Purchase or reasonably required to fulfill the Seller's obligations under the Amended Purchase Agreement, all without further order of this Court.

12.     The Amended Purchase Agreement, any document or other instrument in connection with the Sale Transaction may be modified, amended, or supplemented by the Trustee and The Grand Theater, Inc. in a writing signed by such parties, without further order of this Court, provided that any such modification, amendment or supplement does not have a materially adverse effect on the bankruptcy estate.

13.     Until this case is closed or dismissed, this Court shall retain exclusive jurisdiction to (i) enforce and implement the terms and provisions of the Amended Purchase Agreement, (ii) compel the parties to the Amended Purchase Agreement to perform their respective obligations under the Amended Purchase Agreement, (iii) resolve any disputes, controversies or claims arising out of or relating to the Amended Purchase Agreement, or the transactions contemplated thereby, and (iv) interpret, implement and enforce the provisions of the Amended Purchase Agreement and this Order.  Without limiting the generality of the foregoing, the Trustee, and The Grand Theater, Inc. shall have the right to request, on such notice as may be appropriate, any

Ringstad & Sanders
L.L.P.
4343 Von Karman Avenue, Suite 300
Newport Beach, CA 92660
949.851.7450

relief and remedies that may be appropriate to enforce the provisions of this Order, including, without limitation, injunctive relief, a contempt citation, sanctions and other damages against any creditor or other party that may violate the provisions hereof.

14.     The Grand Theater, Inc. is a buyer in good faith, and, as such, shall be entitled to all of the protections of section 363(m) of the Bankruptcy Code if this Order or any authorization contained herein is reversed or modified on appeal.  Pursuant to section 363(m) of the Bankruptcy Code, absent a stay of this Order pending appeal entered prior to the Closing of the Sale Transaction contemplated by the Amended Purchase Agreement, the reversal or modification on appeal of this Order, or any provision hereof, shall not affect the validity of the Sale Transaction (including, without limitation, the validity of the Amended Purchase Agreement), if the Closing of the Sale Transaction occurs prior to such stay, reversal or modification on appeal.  The Trustee shall file and serve notice of the Closing of the Sale Transaction as soon as practicable after the Closing of the Sale Transaction.

15.     Notwithstanding the provisions of Rule 6004(h) or Rule 6006(d) of the Federal Bankruptcy Rules, this Order shall be effective immediately after its entry absent a stay pending appeal of this Order.

16.     Good cause, valid reasons and the record of these cases amply support entry of this Order.  This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a).  This Order shall be effective, and the parties may consummate the Sale Transaction (including, without limitation, the Amended Purchase Agreement) approved by this Order, immediately upon entry of this Order.

//

//

//

//

//

//

//

Ringstad & Sanders
L.L.P.
4343 Von Karman Avenue, Suite 300
Newport Beach, CA 92660
949.851.7450

1   17.   Except as set forth expressly herein to the contrary, no further notice or Court

2   appearance shall be necessary to effectuate the foregoing.

3   ###

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23   Date: February 21, 2020

*Theodor C. Albert*

24   Theodor C. Albert
United States Bankruptcy Judge

25

26

27

28

# EXHIBIT 2

# EXHIBIT 2

1  Robert P. Goe – State Bar No. 137019
   Ryan S. Riddles – State Bar No. 298745
2  **GOE FORSYTHE & HODGES LLP**
   18101 Von Karman Ave., Ste. 1200
3  Irvine, CA 92612
   rgoe@goeforlaw.com
4  rridles@goeforlaw.com
   Telephone:  (949) 798-2460
5  Facsimile:   (949) 955-9437

6  Attorneys for M3Live Bar & Grill, Inc.

7

8                  **UNITED STATES BANKRUPTCY COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

10

11  In re.:                              CASE NO. 8:19-bk-10814-TA

12  **M3Live Bar & Grill, Inc.,**        CHAPTER 7

13          Debtor.                       **STIPULATION TO RELEASE CYRUS
                                          ALIMADADIAN'S JUDGMENT LIEN
14                                        AGAINST DEBTOR M3LIVE BAR &
                                          GRILL, INC.**
15

16                                        [No Hearing Required]

17        This Stipulation (the "Stipulation") is entered into by and between M3Live Bar & Grill,

18  Inc., Debtor ("Debtor"), Karen Sue Naylor, Chapter 7 Trustee ("Trustee"), Judgment Creditor

19  Cyrus Alimadadian ("Alimadadian"), The Grand Theater, Inc. ("GTI"), and Musa Madain

20  ("Madain") (collectively the "Parties") by and through their counsel of record to release

21  Alimadadian's judgment lien, with reference to the following facts:

22                                      **RECITALS**

23        1.       On March 07, 2019 the Debtor filed for voluntary relief under chapter 11 of

24  the Bankruptcy Code.

25        2.       On January 26, 2020, an Order Approving the Appointment of the Trustee

26  was entered on the docket [Docket No. 180].

27        3.       Alimadadian is the holder of a judgment lien ("Judgment Lien") recorded

28  on September 4, 2017 against Debtor and Madain in the amount of $276,015.51.

1  ("Judgment") obtained July 18, 2017 in Case No. 30-2015-00822570.  The Judgment is

2  against Debtor and Madain.

3     4.     Trustee is seeking to sell Debtor's business to GTI and does not have

4  sufficient funds to pay Alimadadian's Judgment and other claims that need to be paid from

5  the sale.

6     5.     Madain and his new entity (of which Madain is 100% owner), GTI, agree to

7  be responsible to satisfy the Judgment.  This Stipulation has no impact and in no way

8  releases Madain's liability to the Judgment.  GTI has adopted a resolution assuming

9  liability for the Judgment.

10    6.     As such, Alimadadian agrees to release his Judgment Lien against Debtor

11 and Debtor's assets only; however, this Stipulation should be null and void if GTI is not

12 the successful purchaser of Debtor's assets.

13                          **STIPULATION**

14    7.     The Parties agree that the Recitals above are an important part of this

15 Stipulation and incorporate them herein.

16    8.     The Parties agree that the Judgment Lien will be released against Debtor

17 and Debtor's assets and Alimadadian will retain his rights to pursue collection on the

18 Judgment against Madain and GTI.

19    **IT IS SO STIPULATED**

20

21 Dated: February 7, 2020                    **GOE FORSYTHE & HODGES LLP**

22

23                                           By: _/s/Robert P. Goe_____
                                                Robert P. Goe, attorneys for
24                                              Debtor M3Live Bar & Grill, Inc.

25 Dated: February 10, 2020                  **LAW OFFICES OF BABAK HASHEMI**

26

27                                           By: _____

28                                              Babak Hashemi, attorney for
                                                Judgment Creditor Cyrus Alimadadian

                                    2

1    Dated: February **24**, 2020                    RINGSTAD & SANDERS, LLP

2

3                                    By: _____

4                                         Todd Ringstad

5                                         Nanette Sanders, attorneys for Chapter 7
                                         Trustee Karen Sue Naylor

6
     Dated: February 7, 2020                    THE GRAND THEATER, INC.
7

8

9                                    By: _____
                                         Musa Madain, President
10

11
     Dated: February 7, 2020                    MUSA MADAIN, individually
12

13

14                                   By: _____
                                         Musa Madain, individually
15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                         3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 18101 Von Karman Avenue, Suite 1200, Irvine, CA 92612

A true and correct copy of the foregoing document entitled (*specify*): **STIPULATION TO RELEASE CYRUS ALIMADADIAN'S JUDGMENT LIEN AGAINST DEBTOR M3LIVE BAR & GRILL, INC.** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 3, 2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Robert P Goe**    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- **Nancy S Goldenberg**    nancy.goldenberg@usdoj.gov
- **Joan Huh**    joan.huh@cdtfa.ca.gov
- **John C Keith**    john.keith@doj.ca.gov
- **Gerald S Kim**    Gerald.beaconlawyer@gmail.com, gsklawoffices@gmail.com
- **Karen S Naylor (TR)**    alane@ringstadlaw.com, knaylor@IQ7technology.com
- **Ryan S Riddles**    rriddles@goeforlaw.com, kmurphy@goeforlaw.com
- **Todd C. Ringstad**    becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Nanette D Sanders**    becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Matthew N Sirolly**    msirolly@dir.ca.gov
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Ramin R Younessi**    jflores@younessilaw.com;
  dsohn@younessilaw.com;tnoda@younessilaw.com;sgeshgian@younessilaw.com

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) March 3, 2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) March 3, 2020, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

- The Honorable Theodor C. Albert, USBC, 411 West Fourth Street, Santa Ana, CA 92701

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 3, 2020   Susan C. Stein | /s/Susan C. Stein |
|---|---|
| *Date*                *Printed Name* | *Signature* |

1    **SERVED BY UNITED STATES MAIL**:

2      Baha Abhari
        23422 Caminito Flecha
3      Laguna Hills, CA 92653

4      Affordable POS
        811 Arbolado Dr
5      Fullerton, CA 92835

6      Majid Ahmadi
        22361 Birchcrest
7      Mission Viejo, CA 92692

8      Mark A Nialis
        Nialis Law Group, APLC
9      500 North State College Blvd Ste 1200
        Orange, CA 92868
10
        Daniel J Payne
11     Anaheim City Attorney's Office
        200 S Anaheim Blvd, Ste 356
12     Anaheim, CA 92805

13     Carl J Pentis
        500 N State College Blvd Ste 1200
14     Orange, CA 92868

15     Grobstein Teeple LLP
        6300 Canoga Avenue Suite 1500W
16     Woodland Hills, CA 91367

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 3

# EXHIBIT 3

1  Robert P. Goe – State Bar No. 137019
Ryan S. Riddles – State Bar No. 298745

2  **GOE FORSYTHE & HODGES LLP**
18101 Von Karman Ave., Ste. 1200

3  Irvine, CA 92612
rgoe@goeforlaw.com

4  rridles@goeforlaw.com
Telephone:  (949) 798-2460

5  Facsimile:  (949) 955-9437

6  Attorneys for M3Live Bar & Grill, Inc.

**FILED & ENTERED**

**MAR 03 2020**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY steinber   DEPUTY CLERK

7

8        **UNITED STATES BANKRUPTCY COURT**
   **CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

9

10  In re.:                        CASE NO. 8:19-bk-10814-TA

11  **M3Live Bar & Grill, Inc.,**        CHAPTER 7

12      Debtor.                **ORDER APPROVING STIPULATION
TO RELEASE CYRUS**

13                           **ALIMADADIAN'S JUDGMENT
LIEN AGAINST DEBTOR M3LIVE BAR &**

14                           **GRILL, INC.**

15                        [No Hearing Required]

16

17       Upon consideration of the Stipulation (the "Stipulation") entered into by and between

18  M3Live Bar & Grill, Inc., Debtor ("Debtor"), Karen Sue Naylor, Chapter 7 Trustee ("Trustee"),

19  Judgment Creditor Cyrus Alimadadian ("Alimadadian"), The Grand Theater, Inc. ("GTI"), and

20  Musa Madain ("Madain") (collectively the "Parties") filed on March 3, 2020 as Docket No. 227,

21  and good cause appearing, **IT IS ORDERED:**

22       1.     The Stipulation is approved.

23

Date: March 3, 2020

24                        Theodor C. Albert
                        United States Bankruptcy Judge

25

26

27

28

1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 17701 Cowan, Suite 210, Irvine, CA 92614.

A true and correct copy of the foregoing document entitled (*specify*): **_EX PARTE_ MOTION FOR AN ORDER REOPENING CHAPTER 7 CASE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF THOMAS S. GRUENBECK AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) August 15, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) August 15, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, ~~FACSIMILE TRANSMISSION OR EMAIL~~** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) August 15, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

- The Honorable Theodore Albert, USBC, 411 West Fourth Street, Santa Ana, CA 92701

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 15, 2023 | Kerry A. Murphy | /s/Kerry A. Murphy |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

8

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) August 15, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Richard C Donahoo**    rcdonahoo@dumas-law.com
- **Robert P Goe**    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- **Nancy S Goldenberg**    nancy.goldenberg@usdoj.gov
- **Joan Huh**    joan.huh@cdtfa.ca.gov
- **Mario Ashraf Iskander**    mario@iskanderlaw.com
- **John C Keith**    john.keith@doj.ca.gov
- **Gerald S Kim**    Gerald.beaconlawyer@gmail.com, gsklawoffices@gmail.com
- **Karen S. Naylor**    Becky@ringstadlaw.com, Karen@ringstadlaw.com;Arlene@ringstadlaw.com
- **Karen S Naylor (TR)**    alane@ringstadlaw.com, knaylor@IQ7technology.com;ecf.alert+Naylor@titlexi.com
- **Ryan S Riddles**    rriddles@goeforlaw.com, kmurphy@goeforlaw.com
- **Todd C. Ringstad**    becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Nanette D Sanders**    becky@ringstadlaw.com, arlene@ringstadlaw.com
- **Matthew N Sirolly**    msirolly@dir.ca.gov
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Ramin R Younessi**    jflores@younessilaw.com, dsohn@younessilaw.com;tnoda@younessilaw.com;sgeshgian@younessilaw.com

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) August 15, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | |
|---|---|
| **Baha Abhari**<br>23422 Caminito Flecha<br>Laguna Hills, CA 92653 | **Affordable POS**<br>811 Arbolado Dr<br>Fullerton, CA 92835 |
| **Majid Ahmadi**<br>22361 Birchcrest<br>Mission Viejo, CA 92692 | **California Dept. of Tax and Fee Administration**<br>Collections Support Bureau, MIC: 55<br>PO Box 942879<br>Sacramento, CA 94279-0055 |
| **Shari L Friedenrich**<br>Orange County Treasurer Tax Collector<br>11 Civic Center Plaza RM G58<br>PO Box 1438<br>Santa Ana, CA 92702-1438 | **Grobstein Teeple LLP**<br>6300 Canoga Avenue Suite 1500W<br>Woodland Hills, CA 91367 |
| **Hahn Fife & Co LLP**<br>790 E Colorado BLvd 9th Fl<br>Pasadena, Ca 91101 | **Mark A Nialis**<br>Nialis Law Group, APLC<br>500 North State College Blvd Ste 1200<br>Orange, CA 92868 |
| **Daniel J Payne**<br>Anaheim City Attorney's Office<br>200 S Anaheim Blvd, Ste 356<br>Anaheim, CA 92805 | **Carl J Pentis**<br>500 N State College Blvd Ste 1200<br>Orange, CA 92868 |